[No. 20223.   Department One. — September 20, 1886.]

THE PEOPLE, RESPONDENT, v. FRANK BOLAN-GER, APPELLANT.

LARCENY — EVIDENCE OF OTHER OFFENSES IN NEIGHBORHOOD. — On the trial of an indictment for the larceny of certain hogs, a witness for the prosecution who had feigned complicity in the offense was asked whether persons living near the place where the crime was committed had not been greatly troubled by parties stealing their hogs. The answer was in the affirmative, and together with other testimony given by the witness tended to explain why he had feigned complicity in the offense. *Held*, that the evidence was without prejudice to the defendant, as it did not tend either to prove him guilty of the crime for which he was tried, or of any similar offense.

ID. — LARCENY OF HOGS — UNRECORDED EAR-MARK — EVIDENCE OF OWNERSHIP. — In such a prosecution, an ear-mark found on the stolen animals, and identified by the alleged owner as the mark used by him, is some evidence of his ownership, notwithstanding the ear-mark had never been recorded in the office of the county recorder.

ID. — FEIGNED ACCOMPLICE — PARTICEPS CRIMINIS — QUESTION FOR JURY. — Where a witness who had apparently been a party to a larceny testifies that he did not intend to commit any offense, but had feigned complicity for the purpose of detecting the thieves, the question whether or not he was a *particeps criminis* is for the jury.

ID. — FEIGNED ACCOMPLICE NEED NOT BE CORROBORATED. — The testimony of a feigned accomplice does not require corroboration in order to warrant a conviction.

LXXI. CAL.—2

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Brown & Daggett,* and *Oregon Sanders,* for Appellant.

*Attorney-General Marshall,* for Respondent.

The COURT.—The defendant, jointly indicted with William Bacon and Fielding Bacon for the larceny of certain hogs, was tried separately. He has appealed from a judgment of conviction, and from an order denying his motion for a new trial.

1. Appellant excepted to a ruling of the Superior Court overruling his objection to a question asked by the district attorney of the witness F. M. Bell. The question was: "You and other parties living in that vicinity have been troubled a good deal by parties stealing your hogs, have you not?" The answer of the witness, with other testimony given by him, tended to explain why he had feigned complicity in the offense as asserted by him, and taken part in the acts constituting the alleged larceny for which defendant was indicted. We think it could not have prejudiced the defendant as tending to prove him guilty of larcenies other than that with which he was charged. No particular act of larceny was referred to in the question, and general evidence that other similar offenses had been committed in the neighborhood could not have been regarded by the jury as tending to prove the defendant guilty of the particular crime described in the indictment.

2. Appellant complains of the ruling of the court below, sustaining the prosecution's objection to the question asked by defendant of the witness Morgan Crawford: "You did not steal the hogs of Coughran that were driven out of the mountains to the Bacon barn, did you?"

The witness had stated that he did not intend to commit larceny, but had feigned complicitly for the purpose of detecting the thieves. He distinctly stated what he did and said in connection with the transaction. From the facts proved, it was for the jury to determine whether he was or was not *particeps criminis.*

3. It is contended the court below erred in sustaining an objection to the question asked by defendant of the witness Brown. The question was as follows: "Do you know of any agreement entered into between Bell [the witness F. M. Bell hereinbefore mentioned] and any other parties that are alleged in this indictment to be owners of the hogs charged to have been stolen, by which it was agreed that they might bring down the hogs, and if they brought any belonging to the parties, the meat should be preserved,—not allowed to spoil?"

The witness was one of the alleged owners. He had already testified: "There was no understanding between Bell and Crawford and myself that if any of my hogs were driven down, they were to cure the meat, and not let it spoil. Of my own knowledge, I don't know that there was any such agreement with the other owners of the hogs." The ruling of the court could not have injured the defendant. But the question was irrelevant and immaterial. The question called for no statement as to any such agreement by the defendant, and if he appropriated the property *causa lucri,* such an agreement by Bell did not relieve the defendant of his criminal intent.

Appellant also complains that the court did not permit an answer to the question to Bowen: " Were you told by any of the parties that claimed to own the hogs that there was such an agreement?" This was also immaterial. Besides, it called for hearsay testimony.

4. The judge below, in the course of his charge to the jury, after reading section 1111 of the Penal Code, which requires the testimony of an accomplice to be corrobo-

rated, said: "But this rule of law does not apply to a feigned accomplice. A feigned accomplice does not require that corroboration that is required in this section when the party is an actual accomplice," etc.

The charge is sustained by *People* v. *Farrell*, 30 Cal. 316. The discredit of an accomplice does not attach to a detective who joins a criminal organization for the purpose of exposing it, even though in order to aid in such exposure he unites in and apparently approves its counsels. (Wharton's Crim. Ev. 440.) An accomplice is one who knowingly, voluntarily, and with common intent with the principal offender unites in the commission of the crime. (Wharton's Crim. Ev. 440.)

It is urged, however, that the witness Bell admitted that he was guilty of the larceny, and therefore the instruction was improper. Reference is made to expressions (separated from the context) used by him in his testimony. It was for the jury, however, to determine whether he was an actual accomplice from all his testimony and the other evidence before them.

5. Appellant's next point is that the court erred in refusing to give the third and eighth instructions asked by defendant.

The instructions requested were: —

"3. An unrecorded ear-mark placed upon a hog is neither *prima facie* evidence nor any evidence at all of ownership."

"8. If you are satisfied from the evidence that the only proof that the witness Coughran or Thomas Bowen, or either of them, was the owner of any of the hogs charged to have been stolen, is that said hogs were marked in an ear-mark which has never been recorded in the office of the county recorder of any county in this state, such proof is not sufficient to establish the ownership of any such hogs either in Coughran or Bowen."

An ear-mark used by the alleged owners of the hogs was *some* evidence of ownership. And the witness

Bowen testified: "I owned one of those hogs. . . . . My hog was alive. It was marked with a crop and under half crop in the right, swallow-fork and under bit in the left." It is true he said on cross-examination: "If I had seen a hog that did n't have my mark on I would n't consider it mine." But his testimony was evidence tending to show his ownership, as was that of other alleged owners. Moreover, there was other evidence tending to identify the property,—as to which there was evidence that it was asported by the defendant,—as being the property described in the indictment. "When an offense involves the commission of a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured is not material." (Pen. Code, sec. 956.) There was no evidence or pretense of evidence that the defendant here had any right of property or possession in the property alleged to have been stolen.

Judgment and order affirmed.