[Crim. No. 923.  Second Appellate District, Division Two.—March 3, 1923.]

## THE PEOPLE, Respondent, v. A. G. FOUTS, Appellant.

[1] CRIMINAL LAW—CONFESSION—VOLUNTARY CHARACTER—CONFLICT-ING EVIDENCE—APPEAL.—Where the evidence was conflicting, but the trial court determined that the confession of the defendant was free and voluntary, and admitted it in evidence, its action will not be disturbed on appeal.

[2] ID.—BURGLARY—INSTRUCTIONS GIVEN DEFENDANT—EVIDENCE.—In a prosecution for burglary claimed to have been committed by defendant in company with another, instructions given defendant by an officer of the Salvation Army, wherein he was told "to watch" said companion "and stay with him and keep him out of trouble," can cast no light upon the truth or untruth of his story as to what he did at the scene of the burglary or as to his intent, and it is not error to sustain the prosecution's objections to questions asked said officer for the purpose of proving the instructions given.

[3] ID.—IMPEACHMENT OF DEFENDANT—CONVICTION OF DEFENDANT.— The defendant having taken the stand and testified to matters occurring after his arrest and bearing upon the question whether

---

1. Determination of character of confessions and their admissibility as evidence, notes 18 L. R. A. (N. S.) 768; 50 L. R. A. (N. S.) 1077.

3. Impeachment of character of accused for credibility, notes, 15 A. R. L. 912; 20 L. R. A. 616.

Admissibility of evidence of other crimes in criminal case, notes, 105 Am. St. Rep. 976; 3 A. L. R. 784; 62 L. R. A. 193.

the confession made by him was free and voluntary, the prosecution was properly permitted, over his objections, and for the purpose of impeachment, to show that he had theretofore been convicted of several felonies.

[4] ID.—IMPEACHMENT—CONVICTION OF FELONY—SCOPE OF PROOF.— The right to impeach a witness on the ground of conviction of a felony is not limited to proof of conviction of "a" felony, but the number of felonies of which the witness has been convicted may be shown, and they may be named to the jury.

[5] ID. — SUFFICIENCY OF EVIDENCE — MOTION TO DISMISS. — In this prosecution for burglary, viewing defendant's motion to dismiss the action on the ground that the evidence was insufficient to sustain the charge against him as one asking the court to advise the jury to acquit, under section 1118 of the Penal Code, such motion was properly denied, the evidence of the prosecution having been such that the court could not have given the jury that advice; and such motion did not come within the provisions of section 1382 of the Penal Code, which specifies the grounds upon which such a motion may be made.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a motion for a new trial. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Carleton R. Bainbridge and S. S. Hahn for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

WORKS, J.—This is an appeal from a judgment of conviction of burglary and from an order denying defendant's motion for a new trial.

[1] The first point made by appellant is that the trial court erred in receiving evidence of a confession of appellant, and this upon the ground that, as put in the brief, "the evidence clearly shows that such confession was involuntary." We have examined the testimony bearing upon this question and there can be no doubt that there was a substantial conflict upon it. Under such circumstances it was the duty of the trial judge, in the first instance, to determine whether the evidence showed beyond a reasonable doubt that the confession was free and voluntary (*People v. Zarate,* 54 Cal. App. 372 [201 Pac. 955]). The judge

having resolved the question we can no more disturb his action than we could the action of judge or jury on any disputed question of fact.

[2] The burglary in question was committed by appellant in company with one Avogadro. A part of the defense of appellant was that, although he was at or near the place of the burglary, he did not participate in the commission of the crime, but attempted to dissuade Avogadro from committing it. Appellant himself testified that he endeavored to persuade Avogadro not to enter the store which was burglarized. Immediately preceding the burglary both appellant and Avogadro were inmates or frequenters of a place called Salvation Army Hall, an institution then in charge of an officer of the Salvation Army. This officer testified that Avogadro, an alleged narcotic addict, was "under her care" at the hall. The officer was then asked various questions by appellant's counsel for the purpose of eliciting from her a statement of certain "instructions" which it is claimed she gave to appellant when he and Avogadro left the hall together some hours before the burglary was committed. Objection was made to all these questions and the trial court ruled that they were improper. These rulings are complained of as error. Appellant says in his brief that he expected to show by the Salvation Army officer that she had told him "to watch Avogadro and stay with him and keep him out of trouble." We shall assume that this was the purpose of the questions, but, even so, we must at once remark that we cannot perceive that they were proper. What the Salvation Army officer said to appellant can cast no light upon the truth or untruth of his story as to what he did at the scene of the burglary. That she did tell appellant to watch over Avogadro would have been no evidence whatever that he limited his operations at the scene of the burglary to acting as his brother's keeper, or that he ever watched over Avogadro at all. Such testimony of the Salvation Army officer would have been no evidence of the intent of appellant. This is all too palpable to require argument.

[3] Appellant took the witness-stand and testified to matters occurring after his arrest and bearing upon the question whether the confession made by him was free and voluntary. Thereupon the people, over appellant's objec-

tion, and for the purpose of impeachment, showed that appellant had theretofore been convicted of several felonies. It is now contended that this evidence should not have been received. There is no merit in the point. When appellant testified upon the issue preliminary to the offer of his confession, the question of his credibility was at once before the judge, who was in the first instance to determine the admissibility of the confession, but it was as well before the jury, for that body is always to determine in the last analysis whether a confession is freely and voluntarily made (*People* v. *Zarate, supra*).

[4] As already observed, the people, for the purpose of impeaching appellant as a witness, showed that he had been convicted of various felonies. Not only so, but the people were permitted to show the name of each of those felonies. Appellant contends that the right to impeach in this manner goes no further than to inquire whether a defendant ever has been convicted of ''a'' felony. The authorities are directly opposed to this view. Not only may the number of felonies be shown, but they may be named to the jury (*People* v. *Eldridge,* 147 Cal. 782 [82 Pac. 442]).

The point is made, but sparingly argued, that the trial court erred in questioning appellant concerning a certain photograph of himself. In presenting such argument as is made upon the question appellant refers to but a single page of the reporter's transcript of the evidence, and the page shows nothing as to the point, which relates to a condition of the record. As appellant fails to point to any part of the transcript showing the condition of the record which he asserts to exist, and as it is always incumbent upon an appellant to show error, we must say that no error was committed.

[5] At the close of the case of the people appellant moved to dismiss the action on the ground that the evidence was insufficient to sustain the charge against him. The motion was denied and the ruling is assigned as error. In a case recently decided (*People* v. *Clark, ante,* p. 46 [214 Pac. 248]), we passed upon the same point in language which fits the present action exactly: ''The ruling was proper, as the motion did not come within the provisions of Penal Code, section 1382, fixing the grounds upon which such a motion may be made. If we view the motion as one

asking the court to advise the jury to acquit, under Penal Code, section 1118, although we do not decide that it can be so regarded, it is enough to say that the evidence of the people was such that the court could not have given the jury that advice.''

Appellant states one other point, but makes no argument in support of it. Points so presented cannot be considered. Judgment and order affirmed.

Finlayson, P. J., and Craig, J., concurred.