[Crim. No. 1618. Second Appellate District, Division One.—May 8, 1928.]

THE PEOPLE, Respondent, v. WILFRED HAFLINGER, Appellant.

Hugh Dickson, Ben S. Hunter and James Farraher for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and John D. Richer for Respondent.

WOOD (W. J.)., *pro tem.*—Appellant was found guilty by a jury of the crime of robbery in the second degree. One Guy Sweinhart was walking with a lady along the ocean front between Venice and Ocean Park about 9:15 P. M. on October 12, 1927, when he was robbed at the point of a revolver in the hands of Melton Ball. The appellant, Ball, and one Russell, were jointly accused of the crime. Sweinhart testified that as he walked along he saw three men ahead of him leaning over the railing by the sidewalk. As he passed them one of the three, identified as the defendant Ball, drew the weapon, placed it against the witness' stomach, and took his watch and a small amount of cash. The witness could not identify the other two men.

In his brief appellant states: ''So the issues narrow themselves down to the questions: Whether the confession introduced was free and voluntary, and whether the court erred in proceeding with the trial in the absence of appellant's counsel and without seeking appellant's permission to so do.''

 Evidence was introduced by the prosecution to prove the confession was free and voluntary, while evidence to the contrary was presented by the defendants. It was the duty of the trial judge to determine the admissibility of the confession and his conclusion based upon conflicting evidence should not be disturbed on appeal. (*People* v. *Fouts,* 61 Cal. App. 242 [214 Pac. 657]; *People* v. *Grafft,* 61 Cal. App. 7 [214 Pac. 273].) Appellant points out that the testimony of officer Steckel given at the preliminary examination was read to the jury, in which Steckel stated that officer Ross had held out certain promises to the defendant

Ball. It was established by officer Ross, however, that his statement to Ball had been made after the other two defendants had signed the confession. He testified: "Did that conversation take place after this statement was made which the defendants Haflinger and Russell signed, or prior to that time? A. Why, as I recall the statement I made, I talked to Ball after the statements were made and signed by the other two boys. He refused to sign it. Q. After Ball refused to sign it? A. After he refused to sign it."

█ Appellant was represented by attorney Dickson and the other two defendants were represented by attorney Clay. The record discloses that during the first day of the trial both lawyers were present. At the opening of the session on the following day Mr. Clay was present but Mr. Dickson was absent for a short period. The court proceeded with the trial and when Mr. Dickson arrived directed counsel to show him the part of the testimony of officer Steckel that had been read to the jury. Mr. Dickson remarked that he "had to be in federal court." The record discloses that counsel for appellant did not notify the court of any necessity for his absence during the short period of the session. No request for delay was made and no motion was presented to strike out the evidence received in his absence. In *State* v. *Newman* (S. C.), 80 S. E. 482, the rule is properly stated: "It is true appellant's counsel was absent during a part of the charge, upon what he thought was a necessary absence. But the proper practice is for counsel to ask for permission to be absent, and request the court to suspend, stating the necessity; because it is for the court and not counsel to determine the necessity."

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.