[Crim. No. 1631.  First Appellate District, Division One.—April 29, 1931.]

In the Matter of the Application of WONG POY for a Writ of Habeas Corpus.

Alfred J. Hennessy for Petitioner.

No appearance for Respondent.

THE COURT.—The above-named Wong Poy and two others were charged with having violated the State Poison Law. At the preliminary examination he was held to answer and his co-defendants were discharged. An application for a writ of *habeas corpus* is now made in his behalf, it being claimed that the facts disclosed by the evidence are legally insufficient to constitute a crime in that it affirmatively shows that Wong Poy was the victim of an entrapment.

It appears from the transcript of testimony that two state narcotic agents furnished an "informer" with a sum of money for the purpose of having him purchase narcotics from Wong Poy. Part of the money consisted of marked currency. The agents followed the "informer" and saw him pass the money to Wong Poy, and saw the latter accept the same. Wong Poy then went into a store with which his co-defendants were connected, where he remained for a short while and then came out upon the street, whereupon he was arrested by said agents, and narcotics in illegal quantities were found on his person. The agents then went into the store and found the marked currency in the cash register.

The theory upon which petitioner seeks to invoke the doctrine of entrapment is that since Wong Poy was induced by state agents to procure the narcotic and was furnished with money for such purpose he committed no crime. Substantially the same state of facts was shown to exist in *In re Moore,* 70 Cal. App. 483 [233 Pac. 805], except that in that case the petitioner was inveigled into purchasing illegal liquor; and it was held that under the circumstances the defense of entrapment was not maintainable. Upon the authority of that case the application for the writ is denied.