[Crim. No. 3827. In Bank.—April 25, 1935.]

THE PEOPLE, Respondent, v. LOUIS MAKOVSKY, Appellant.

George Gelder and Myron Harris for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

CURTIS, J.—A hearing was granted in this case after decision by the District Court of Appeal, First District, First Division. We hereby adopt the following portion of the opinion rendered by said court in said case as a proper statement of facts and determination of certain of the issues involved herein:

"Appellant was charged in an information containing two counts, one of which alleged the unlawful selling of black-jacks and the other the unlawful selling of billies, both contrary to the statute. (Stats. of 1923, p. 695, amended May 22, 1925, Stats. of 1925, p. 542.) Count one was dis-

missed. Defendant was found guilty upon the second count. This is an appeal from the judgment and from an order denying a motion for a new trial. Two main grounds are urged for a reversal of the judgment and order.

■ "Appellant first complains that there was no evidence to show the instruments sold were billies. There is no merit in this contention. The instruments were produced at the trial and there is ample evidence in the record to show that they were commonly known as billies. Moreover, there is, according to the testimony, little if any difference between a billy and a blackjack, and the possession of either instrument is denounced by the statute.

■ "Appellant next complains that the count upon which he was convicted does not state facts sufficient to charge a public offense, in that it did not charge the sale of an instrument 'commonly known' as a billy. The information charged the violation of a particular statute which was referred to, and it also stated the type of instrument which was unlawfully sold. The language employed was sufficient to enable a person of common understanding to know what was intended. (Pen. Code, sec. 950.) The information was therefore sufficient within the provisions of section 951 of the Penal Code.

■ "And, finally, appellant claims the evidence establishes that a trap was deliberately set by police officers who caused his arrest and conviction. Upon this subject it appeared in evidence that in September, 1933, a man named Forts was working in the police department in the city of Oakland. He was not a regular officer but was paid so much for each case in which he procured arrests for offenses. In the present case he received the sum of $7.50 for his services. On the day in question Forts, acting under instructions from the department, went to the defendant's place of business and told defendant that he was working on a certain boat; that a friend of his had informed him he could procure blackjacks from defendant. Forts stated he wanted a dozen. Defendant informed Forts that he did not have such instruments, but that he would try to procure them for him. Forts then left defendant's store and later returned and received from defendant three billies which defendant had in the meantime procured from a wholesale house. Forts paid defendant $1.50 apiece for the articles, and later turned

them over to police officer Pardee of the police department under whose direction he was acting. Forts was told by the officer to return to defendant's store with the billies purchased, and obtain more of them. While Forts and defendant were discussing the matter, Pardee entered the store and arrested defendant. It is appellant's contention that these facts present a clear case of entrapment. In support of this contention it is argued that there is no evidence in the record to show appellant had ever before been arrested or under suspicion of having committed this character of offense or of any other offense at any time, or that he was in the habit of selling the instruments in question or had them in his possession for sale; that the crime did not originate in the mind of appellant but rather in the minds of the officers who used persuasion and deceitful representations to induce and lure appellant into the commission of a criminal act.

"It is unquestionably true that decoys may not be used to ensnare the innocent and law-abidding into the commission of crime when the criminal design originates not with the accused but is conceived in the minds of officers, and the accused is by persuasion, deceitful representation or inducement lured into the commission of a criminal act. When an officer induces a person to commit a crime, which he would not have committed without such inducement, the law will not punish the person so lured into the crime. (*People* v. *Malone,* 117 Cal. App. 629 [4 Pac. (2d) 287].) Under such circumstances the government is estopped by sound public policy from prosecuting therefor. The first duties of the officers of the law are to prevent, not to punish crime. It is not their duty to incite and create crime for the sole purpose of prosecuting and punishing it. While decoys may be used to entrap criminals and to present opportunity to one intending to commit a crime, they are not permitted to ensnare the innocent into the commission of a crime when the criminal design originates not with the accused but is conceived in the minds of the officers, and the accused is by persuasion or inducement lured into a criminal act. (*Newman* v. *United States,* 299 Fed. 128; *People* v. *Malone, supra.*)"

We are of the opinion that the facts of this case do not bring it within the rule announced in the cited authorities.

Defendant took the stand as a witness at his trial. He made no claim that he was lured or persuaded into making the sale to Forts. He took the position then as he did before the District Court of Appeal, and as he does now, that he had a lawful right to sell the type of weapon which he sold to Forts. Forts, however, testified that appellant stated to him, when approached by Forts to make the sale, "You know, young man, it is against the law, but I will take a chance so long as your friend sent you up here." Forts also testified that when Officer Pardee came into appellant's place of business, he asked him if he did not know it was against the law to sell blackjacks to any citizen to which appellant replied, "Yes, it is against the law, but I took a chance, just the same." There is an absolute absence of evidence that any persuasion or inducement was offered to appellant to make said sale outside the ordinary transaction of purchase and sale between a willing purchaser and a willing seller. The facts of this case are much like those shown in the case of *People* v. *Rucker,* 121 Cal. 361, 364 [8 Pac. (2d) 938]. In that case the defendant was asked to sell to a police officer morphine for which he was paid the sum of ten dollars. On being asked by the police officer for the drug, the defendant evidently not having any, left the officer and went outside, purchased the morphine, and returning sold it to the officer. It was held that there was no entrapment of the defendant by the officer. To the same effect are: *People* v. *Barkdoll,* 36 Cal. App. 25 [171 Pac. 440]; *People* v. *Tomasovich,* 56 Cal. App. 520 [206 Pac. 119]; *People* v. *Heusers,* 58 Cal. App. 103 [207 Pac. 908]; *People* v. *Rodriguez,* 61 Cal. App. 69 [214 Pac. 452]; *People* v. *Caiazza,* 61 Cal. App. 505 [215 Pac. 80]; *In re Moore,* 70 Cal. App. 483 [233 Pac. 805]; *People* v. *Harris,* 80 Cal. App. 328 [251 Pac. 823]; *People* v. *Ramirez,* 95 Cal. 140 [272 Pac. 608]; *In re Wong Poy,* 113 Cal. App. 677 [298 Pac. 1029].

It is contended by appellant that there is no evidence that he was engaged in selling weapons, the sale of which was forbidden by law, or that he was even suspected of dealing in such weapons. It is true that there is no evidence that appellant prior to the sale herein involved had made sale of weapons of the type sold to Forts. Such evidence, if offered, would have been inadmissible, and no

doubt would have been objected to by the appellant. The same may be said as to evidence that the appellant was suspected of dealing in forbidden weapons. The fact, however, that Forts was sent to appellant's place of business by the police department of the city of Oakland for the purpose of ascertaining whether he could buy a billy from the appellant is quite persuasive that appellant was not entirely free from suspicion by the police officers of said city.

The evidence in our opinion is ample to support the finding of the jury that appellant is guilty of the crime charged.

The order and judgment are affirmed.

Langdon, J., Seawell, J., Waste, C. J., and Thompson, J., concurred.