[Crim. No. 3007.   Second Appellate District, Division Two.—October 4, 1937.]

THE PEOPLE, Respondent, v. FRANK H. KIMBALL, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—This is an appeal from a judgment of conviction on five counts of an information and from an order denying defendant's motion for a new trial.

Count one charges the defendant with feloniously making and delivering to one C. F. Weston a check in the sum of five hundred dollars with intent to cheat and defraud said

C. F. Weston, knowing at the time of such making and delivery that he had not sufficient funds in or credit with the bank to meet said check. Count two charges the defendant with the crime of grand theft in that he did take three hundred dollars of the personal property of said Weston. Counts three, four and five contain additional charges of issuing checks without sufficient funds.

About a week after becoming acquainted with his neighbor Weston, the defendant came to the house of Weston and asked him how he would like to make two hundred dollars right quick. The defendant thereupon represented to Weston that he had paid six hundred dollars on a lease for an advertising site in the fifty-seven hundred block on Wilshire Boulevard, but that he had to have three hundred dollars more or that he would lose the option on said site; that the defendant had an agreement with a firm in New York for the purchase of said site for fourteen hundred dollars and that he had done considerable business with them and that they always paid him with a cashier's check and sent it airmail; that in this instance he had sent the lease to New York and they had agreed to send in a check as soon as the contract was delivered; that "the deal is in the bag and all we have to do is to get the contract back from New York and the money will be here Saturday". Weston told the defendant that he could not give him the money that day but that he would give it to him the next day. The defendant returned the next day and assured Weston that, "I have already sent the contract back to the advertising people in New York and the check will be in the mail today. All we have to do is to wait until Saturday and the money will be here".

Mr. Weston had insisted, however, upon having a contract between them, so the defendant made out the contract and signed the same, and then they went together to the bank where Weston withdrew three hundred dollars and gave it to the defendant. But the money did not come from New York, and there was no such deal. The following Wednesday the defendant assured Weston that the money was in the bank, and at the request of Weston the defendant wrote a check for five hundred dollars and delivered it to Weston. Said check was presented for payment the next day, but payment was refused with a showing that there was no money in the bank to meet the check.

■ The first contention of the defendant is that there was insufficient evidence to sustain a verdict of grand theft. We have reviewed the evidence and viewing it in the light most favorable to the prosecution, we are of the view that there is substantial evidence to sustain the conviction on all counts and that there is corroboration of the charge of grand theft under section 1110 of the Penal Code.

■ Defendant's second contention is that defendant's motion to dismiss at the close of the People's case should have been considered by the court and failure to do so constituted reversible error. The court's ruling was proper under *People* v. *Clark*, 61 Cal. App. 46 [214 Pac. 248], and *People* v. *Fouts*, 61 Cal. App. 242, 245 [214 Pac. 657].

■ The defendant's final contention is that the court over objection of the defendant admitted improper cross-examination of defendant not amounting to a confession and not impeachment. The defendant was asked if at the preliminary hearing he and his counsel had not stated that it was the desire of the defendant to waive preliminary hearing and that it was his intention to plead guilty to one or more of the charges when the matter reached the superior court. If the defendant had made such statement it would be an admission of guilt in conflict with his testimony on direct examination, and was proper cross-examination.

Judgment affirmed as to all counts; order denying the motion for new trial affirmed.

Wood, J., and McComb, J., concurred.