[Crim. No. 3828.   Second Dist., Div. Two.   Oct. 25, 1944.]

THE PEOPLE, Respondent, v. FRANCIS S. KENNEDY, Appellant.

George Stahlman for Appellant.

Robert W. Kenny, Attorney General, and L. G. Campbell, Deputy Attorney General, for Respondent.

WOOD (W. J.), J.—At a trial by the court without a jury defendant was found guilty of the violation of section 337a,

subdivision 3, of the Penal Code. It was charged in the information that on or about November 8, 1943, defendant unlawfully received a certain sum of money to be wagered upon the result of a horse race. He has appealed from the judgment of conviction and from the order denying his motion for a new trial.

Defendant contends that the judgment should be reversed on the ground that he was lured into the commission of the offense by an officer of the law. Police Officer Carl Wahl testified that about midday of November 8, 1943, he observed defendant seated at a table in the rear of a room at the quarters of the Cooks' Union on the second floor of a building at 910 South Broadway in Los Angeles. Wahl observed defendant for about forty minutes, during which time defendant was writing notes and "apparently collecting money." The court granted the motion of defendant to strike out the reference to the collection of money. Wahl "stood in line" to place a bet with defendant and observed defendant accept money from the man ahead of him. Wahl then asked him to place a bet on "Kentucky Flash in the Fifth Race at Jamaica . . . at one dollar across the board, one to win, one to place, and one to show." At that time defendant had a notebook and an open scratch sheet before him. Wahl handed defendant a five-dollar bill, which defendant accepted. Defendant made a notation in the notebook reading, "Kentucky Flash," followed by three marks and the name which the officer gave him, "Carl." The number on the bill had previously been taken by another officer and shortly thereafter officers entered the room and placed defendant under arrest. They searched defendant and found upon his person the five-dollar bill Officer Wahl had handed to him.

Under the doctrine of entrapment, relied upon by defendant, a conviction cannot be upheld if the criminal intent originates in the mind of the entrapping person and the accused is lured into the commission of the offense in order that he may be prosecuted. (*People* v. *Cherry*, 39 Cal.App.2d 149 [102 P.2d 546]; *People* v. *Makovsky*, 3 Cal.2d 366 [44 P.2d 536].) In the case under review there is no evidence that defendant was lured into the commission of a criminal act by persuasion or inducement. There was merely the usual conversation between a willing bettor and a willing stakeholder or bookmaker. In such a case the doctrine of entrap-

ment does not apply. (*People* v. *Rucker,* 121 Cal.App. 361 [8 P.2d 938] ; *People* v. *Cherry, supra,* and cases there cited.) In the Cherry case a conviction was upheld where the facts established were very similar to the facts of the case now before us. In that case an officer asked the defendant to place a bet by telephoning to a bookmaker. The defendant accepted the officer's proffered money and telephoned the bet to the bookmaker. He was arrested immediately thereafter. It was held that the doctrine of entrapment was not applicable.

Defendant argues that the judgment must be reversed because Officer Wahl was an accomplice of defendant and his testimony lacked the corroboration required by section 1111 of the Penal Code. There is no merit in this contention. The testimony of a feigned accomplice does not require the corroboration which is made necessary by the code if the witness is an actual accomplice. (*People* v. *Bolanger,* 71 Cal. 17 [11 P. 799].) Officer Wahl was a feigned accomplice and it was not necessary to corroborate his testimony.

The judgment and the order denying the motion for a new trial are affirmed.

Moore, P. J., and McComb, J., concurred.