[Crim. No. 5931.   Second Dist., Div. Two.   Oct. 11, 1957.]

THE PEOPLE, Respondent, v. HELEN TAYLOR, Appellant.

Julius Weled for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Marvin Christiansen, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was convicted of having delivered a different substance after she had sold and agreed to deliver heroin, in violation of Health and Safety Code, section 11502.* After a due denial of her motions for a new trial

---

*'Every person who agrees, consents, or in any manner offers to unlawfully sell, furnish, transport, administer, or give any narcotic to any person, or offers, arranges, or negotiates to have any narcotic unlawfully sold, delivered, transported, furnished, administered, or given to any person and then sells, delivers, furnishes, transports, administers, or gives, or offers, arranges, or negotiates to have sold, delivered, transported, furnished, administered, or given to any person any other liquid, substance, or material in lieu of any narcotic shall be punished by imprisonment in the county jail for not more than one year, or in the state prison for not more than 10 years.''   [Added by Stats. 1953, ch. 1770, § 2.]

and for probation, she was sentenced to the California Institution for Women. She appeals from the judgment denying her motion for a new trial.

Officer Reese and a police employee, Gloria Bonavista, were seated in an automobile on a public street engaged in undercover narcotics investigation. They were approached by appellant who engaged Gloria in friendly conversation of old times. When they were about to separate, Gloria merely inquired in familiar dialect whether any narcotics were available "on the street." Appellant's prompt reply was in the affirmative with the request that Gloria give her the "bread" —meaning money. The latter having been passed, appellant stated that "a colored stud will bring the stuff." In four minutes, a Negro delivered a substance which proved to be not a narcotic.

A subsequently recorded conversation with appellant, admitted in evidence, disclosed the following question and answer: Q. "You took a chance going to jail just to do somebody a favor." A. "As long as I wasn't dealing I didn't think there was any harm in telling somebody else, and let them make some money."

Appellant testified that on the day of the transaction, Gloria was nervous and trembling and appeared to be suffering withdrawal symptoms and in need of a narcotic; that when appellant pleaded lack of time, Gloria persisted with "Oh, please, would you?" Appellant admitted receipt of the $12 and testified that she asked Abou, the colored boy, to make the purchase, gave him the money and pointed out the car of Officer Reese and Gloria. Officer Reese testified that when a colored boy made the delivery, he stated, "This stuff is hers and not mine; I want you to know it's hers and not mine." No witness named Abou was called to the stand but a Negro boy named Elbert Landry testified that appellant did not give him $12 or tell him to purchase a narcotic.

Appellant now contends (1) error in refusing to give instructions on entrapment; (2) error in the court's failure, *sua sponte*, to instruct on the law of entrapment.

Inasmuch as there was no such substantial evidence of entrapment as would support a finding of entrapment, the court correctly refused to give such instruction. (*People* v. *Evans,* 134 Cal.App.2d 733, 737 [286 P.2d 368]; *People* v. *Alamillo,* 113 Cal.App.2d 617, 621 [248 P.2d 421].) In Alamillo, although the defendant testified that the operator had appeared to be ill and in distress, the court held such

appearance did not justify an inference of entrapment inasmuch as the defendant's willingness to commit the offense and take chances of apprehension were abundantly established. This was proved not only by the circumstances, but also by the defendant's own testimony. In *People* v. *Finn,* 136 Cal.App.2d 152 [288 P.2d 281], the defendant testified that he was induced by one Bonham to get narcotics for some sick girls; that he knew what it is to be sick and that he had merely gotten narcotics for the sick girls. Whether the intent to commit the crime was first conceived by the officers was a question of fact. (*People* v. *Lagomarsino,* 97 Cal.App.2d 92 [217 P.2d 124].) The court herein found that there was no evidence of entrapment and that, therefore, the rejection of an instruction on entrapment was correct. Because appellant's own testimony discloses that no persuasion by Gloria was necessary to induce appellant to accept the money, *Cline* v. *United States,* 20 F.2d 494, is not pertinent. In that case, a government narcotics agent instigated the sick man to procure morphine through someone else in exchange for clemency. The sick man begged his old friend [defendant] to approach a dealer that only recently refused to sell to him direct. The accused had known the sick man for eight years—he was his friend who wept as he told defendant that he would lose his job if he did not get morphine; also, defendant proved a good reputation.

In the case before us, the burden of proof to show entrapment was on appellant. When Gloria called to her, appellant approached and acted speedily. She had known Gloria as an inmate of the county jail for six months. She thought it proper to tell someone else about a purchase so that he could make money on a sale. It required no extended conversation by Gloria to induce appellant to take the money. According to the latter's own testimony, Gloria usually preferred heroin. Appellant was not an innocent person, led to commit a crime. She was learned in the wiles and ways and language of the dope peddler. Her experiences had made her wary of the "dragnet" (see *People* v. *Finn, supra,* p. 156) but she still had to live.

In failing to instruct the jury *sua sponte* on entrapment, there was no error. The court owed no duty to give such instruction in the absence of proof that appellant had been wheedled into negotiating for a drug. The court impliedly found that no inducements were held out to appellant. She acted upon her own wishes and was guided by her own desires.

Therefore, no duty arose for the court on its own motion to give an instruction on entrapment. The officer neither conceived nor planned the purchase. (*People* v. *Makovsky,* 3 Cal.2d 366 [44 P.2d 536]; *People* v. *Hall,* 133 Cal.App. 40, 45 [23 P.2d 783].)

Appellant contends that she submitted an instruction on entrapment and that it was rejected. In view of our conclusion that appellant was not entitled to such instruction, it would obviously be supererogatory to extend this discussion with an argument on whether the request was soon or late. The claim that the prosecutor's closing argument gave her cause to submit the request for an instruction is not supported by the record. His argument was favorable to appellant. Had the jury followed it, conviction could have followed only a finding that appellant had willingly agreed to sell narcotics and that at the same time she knew that a substance other than a narcotic would be delivered.

The judgment and order are affirmed.

Fox, J., and Ashburn, J., concurred.