[Crim. No. 4010. First Dist., Div. Two. Mar. 14, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. FRANK ESPINOZA SALAZAR et al., Defendants and Appellants.

Maurice H. Hardeman for Defendants and Appellants.

Stanley Mosk, Attorney General, John S. McInerny and Joseph I. Kelly, Deputy Attorneys General, for Plaintiff and Respondent.

SHOEMAKER, J.—Defendants Salazar and Romero appeal from a conviction of selling narcotics in violation of section 11501 of the Health and Safety Code, and from an order denying them a new trial.

The record shows that at 6 p. m. on March 9, 1961, Officers

Willis and Ewing of the San Jose Police Department met Albert Garcia, an employee of the department, and that Willis gave Garcia $40 with which he was to attempt to purchase heroin; that the three men went to the San Jose Nalline testing center, where Garcia had been enrolled as an addict. Garcia drove to the center in his car, and the two officers followed in another car. Garcia entered the center and there met defendant Frank Salazar. Garcia told him that he wanted to buy a gram of heroin, and asked the defendant to ''score'' for him. Salazar replied that he would and instructed Garcia to pick it up at his house.

Garcia then left and drove to a prearranged spot where he met with Officers Willis and Ewing, and State Narcotic Agent Murphy. After Willis had searched Garcia's person, clothing and car, Ewing concealed himself in the trunk of Garcia's car, which Garcia then drove to Salazar's house. After several attempts to find Salazar, and at approximately 9:25 p. m., Garcia arrived at the defendant's house for the third time and parked his car. Willis and Murphy parked approximately 30 feet behind Garcia's car. In about 15 minutes defendant Helen Romero drove up and blinked her headlights in Garcia's direction, who got out of his car and went to her automobile. Garcia asked her where defendant Salazar was, and she replied that he was in the house and would be out in a minute. Whereupon, he got into the Romero car to wait, and he asked her if Salazar would get him a gram, and she replied that it was up to Salazar. Defendant Salazar then came out and Garcia again asked him if he would ''score'' for him. Defendant Salazar replied that he would, and Garcia gave him the $40. Garcia suggested that they go in his car, but defendant Salazar declined and stated that he would go in Helen's car. Defendant Salazar then got behind the wheel of Helen's car and the two of them drove away.

An hour and 45 minutes later, the defendants drove past Garcia's parked car, and defendant Salazar signaled Garcia to follow him. After driving a few blocks, defendant Salazar stopped the car and Garcia emerged from his car and walked over toward the defendants. Salazar handed Garcia five bindles of heroin. Although Garcia insisted that he was entitled to ten bindles for his $40, defendant Romero informed him that they had used some themselves and had given some to another fellow, and that was all there was. She also stated that it was ''real good stuff.''

Garcia testified that at the time the sale was completed,

Salazar looked "drowsy," although he could smell no alcohol on his breath. He also stated that Salazar was scratching his face rapidly and that when he had followed the Romero car just before the sale, Salazar was weaving the car from side to side a little bit.

Both defendants were charged by indictment with selling narcotics in violation of section 11501 of the Health and Safety Code. Defendant Salazar was also charged with driving while under the influence of narcotics, in violation of Vehicle Code, section 23105. Following a trial by jury, both defendants were found guilty of selling narcotics, and defendant Salazar was found not guilty of driving while under the influence of narcotics. Judgment was accordingly entered.

Appellant Salazar contends that the evidence was insufficient to sustain the verdict, and that the verdict was inconsistent because he was found guilty of only one of the two counts charged. Appellant Romero asserts that the evidence was insufficient to support her conviction, and that the trial court erred in denying her motion for dismissal. Both appellants further contend that the trial court erred in failing to instruct the jury that Garcia was an accomplice whose testimony must be viewed with distrust.

The contentions are without merit.

There is no dispute that each of the five packets contained heroin. This evidence, together with that already recited, was clearly sufficient to support the verdict that appellant Salazar was guilty of selling narcotics. Although appellant testified that he had never participated in any sale of narcotics, his testimony merely created a conflict in the evidence which was properly committed to the jury as the sole and exclusive judge of the credibility of witnesses. (*People* v. *Bryant* (1958) 157 Cal.App.2d 528, 534 [321 P.2d 45].)

Appellant asserts that Garcia was an accomplice of appellant and since Garcia's testimony provided the only evidence of the sale (none of the officers having observed the actual transfer of the packets from him to Garcia), that his testimony lacks the corroboration required by section 1111 of the Penal Code. Such a contention is wholly without merit. The California courts have repeatedly held that one who feigns complicity in the commission of a crime for the purpose of detecting and prosecuting the perpetrator thereof is not an accomplice, and his testimony need not be corroborated. (*People* v. *Bolanger* (1886) 71 Cal. 17, 20 [11 P. 799] ; *People*

v. *Kennedy* (1944) 66 Cal.App.2d 522, 524 [152 P.2d 513]; *People* v. *Piascik* (1958) 159 Cal.App.2d 622, 627 [323 P.2d 1032]; "Whenever the commission of a crime by one person involves the co-operation of another person, the latter becomes an accomplice only in the event that his co-operation in the commission of the crime is corrupt." (*People* v. *Keseling* (1917) 35 Cal.App. 501, 504 [170 P. 627].) ▆ In contacting appellant and in arranging for the purchase of narcotics, Garcia was acting under specific instructions from the police and was at all times kept under the closest surveillance possible; in this situation he was not an accomplice and his testimony need not be corroborated.

Appellant's next contention is that the verdict was inconsistent because the jury found him guilty of only one of the two counts charged in the indictment. Appellant reasons that the jury, in order to arrive at such a verdict, must have believed the portion of Garcia's testimony relating to the sale of heroin and yet disbelieved his testimony that appellant drove while under the influence of narcotics. Appellant asserts that such a verdict is "inconsistent and irreconcilable." The argument is fallacious. Appellant is apparently of the opinion that a jury must accept or reject the testimony of a given witness in its entirety and that there is no middle ground between these two alternatives. ▆▆ In *Chan* v. *Title Ins. & Trust Co.* (1952) 39 Cal.2d 253, 258 [246 P.2d 632], the court stated, "Questions as to the credibility of the witnesses and the weight to be given their testimony are for the trier of the facts, *who may disbelieve a portion of a witness' testimony and yet believe other portions thereof.*" (Emphasis added.)

Furthermore, it is entirely conceivable that the jurors believed all of Garcia's testimony but concluded that he was not qualified as an expert to judge whether a person was under the influence of narcotics.

Appellant Helen Romero contends that the trial court erred in denying her motion for dismissal, and that the evidence was not sufficient to sustain the verdict that she was guilty of selling narcotics. Appellant Romero's motion to dismiss was made at the close of the People's case, and was renewed at the conclusion of the trial. ▆ The rule is well established that such a motion will not lie because it does not fall within the grounds specified in Penal Code, section 1382. (*People* v. *Clark* (1923) 61 Cal.App. 46 [214 P. 248]; *People* v. *Catlin* (1959) 169 Cal.App.2d 247, 253 [337 P.2d 113].)

However, such a motion might be regarded as a request for the court to advise the jury to acquit, under Penal Code, section 1118, so we will deal with it as such.

We have recounted Garcia's testimony, which reveals appellant Romero's participation with Salazar. Although appellant Romero did not actually transfer the narcotics to Garcia, it will be recalled she told Garcia that five packets was all he could get and that "it was real good stuff."

The evidence is clear that appellant Romero willingly allowed her car to be used for the purpose of procuring narcotics, and that she participated in the activities of Salazar. It shows that appellant Romero aided and abetted in the sale and was thus liable as a principal pursuant to Penal Code, section 31. In *People* v. *Haggard* (1960) 181 Cal.App.2d 38, 44 [4 Cal.Rptr. 898], the court held that the defendant aided and abetted in the furnishing of narcotics when he provided the cellophane wrapping in which the marijuana was placed. The trial court properly denied her motion to dismiss (or to advise the jury to acquit), and the verdict finds full support in the evidence.

As a final ground for reversal, both appellants assert that the trial court erred in failing to instruct the jury on the law relating to the testimony of an accomplice. There is no validity to this contention. We have already held that under the circumstances found in this case, Garcia cannot be considered an accomplice. (See *People* v. *Bolanger, supra*; *People* v. *Kennedy, supra*; *People* v. *Piascik, supra*.)

Judgment and order denying a new trial are affirmed.

Kaufman, P. J., and Agee, J., concurred.