## STATE v. CHRISTENSEN.

No. 4736.   Decided March 11, 1929.   (276 P. 163.)

576

*F. C. Loofbourow* and *Vere L. McCarthy, both* of Salt Lake City, for appellant.

*George P. Parker,* Atty. Gen., *Lawrence A. Miner,* and *Byron D. Anderson,* Asst. Attys. Gen., for the State.

STRAUP, J.

The defendant was convicted of the crime of rape, and appeals.

The sufficiency of the evidence to justify the verdict is not challenged. The prosecutrix, a divorced woman about 24 years of age, testified that, as she left her employment at a restaurant in Provo City, the defendant, about 10:00 o'clock at night on a public street, in or near the business part of the city, drove his automobile to the curb and hailed her; that she, thinking it was some one with whom she was acquainted, went to the automobile, but then recognized that the defendant was a stranger to her; that she declined to enter the automobile; that he "grabbed" or seized her and forcibly pulled her into the car, and threatened to kill her if she made any outcry; that the defendant had a rifle and two revolvers in the car, and that he pointed one of the revolvers at her and told her if she made any outcry he would kill her; that the defendant then drove the car toward Utah Lake, and, while doing so, he, against her consent and resistence, began to fondle and caress her, and

attempted to have sexual intercourse with her; that the defendant insisted that she drink whisky with him, several bottles of which he had in the car, and, upon her declining to do so, he seized her by the nose and throat and forced whisky down her throat; that she pleaded with him, demanded he take her home, and struggled 'with him until toward morning when she became exhausted and was overpowered by the defendant who then forcibly had sexual intercourse with her, and then took her to her home at about 5 o'clock in the morning. The defendant was a witness in his own behalf. He admitted about all of the facts and circumstances testified to by the prosecutrix, except he denied the force and violence. In such respect he testified the prosecutrix, at his request, got into the automobile freely and voluntarily; that with her consent he drove toward the lake; that with her consent he fondled and caressed her, and with her consent had sexual intercourse with her; that he had several bottles of whisky in the car, a rifle, and two revolvers; that the prosecutrix voluntarily and freely drank whisky with him; that he in no manner handled or used any of the weapons in the car, and did not point any of them toward her or in any manner threaten her. Both parties testified they were strangers to each other. He testified that, while he was driving along the street, the prosecutrix attracted his attention, whereupon he drove up to the curb and asked her to take a ride with him, which she voluntarily consented to do.

There are but two questions presented on this appeal. The first is as to the competency of statements made by the prosecutrix to her mother as soon as the prosecutrix arrived at the house. The rule is well settled in this jurisdiction that, in a prosecution for rape, testimony may be given that the prosecutrix recently after the alleged act complained of the outrage, to whom the complaint was made, and where and when the crime was committed, but that the details or particulars of the complaint may not be given. *State* v. *Neel,* 21 Utah 151, 60 P. 510;

*State* v. *Black*, 36 Idaho 27, 208 P. 851; *State* v. *Matson*, 120 Or. 666, 253 P. 527; *State* v. *Aldrick*, 97 Wash. 593, 166 P. 1130; *People* v. *Avila*, 50 Cal. App. 228, 194 P. 768. The doctrine is not controverted by the state. The question is as to whether what was admitted was within or without the rule. The state contends the one, the defendant the other.

The mother of the presecutrix was called as a witness by the prosecution. She testified she and the family were alarmed because of the absence of the prosecutrix, and that she and other members of the family were up when the defendant and her daughter drove up in the car near the house. She testified she saw the car driven up, saw the defendant and her daughter get out of the car, and saw the defendant come around to the back of the car; that her daughter "walked funny—she had her head down staggering—I couldn't imagine what was the matter with" the prosecutrix, "I thought she, what had come to my girl— she says 'Mama, I've been out with the worst man in the world.'" An objection was here made by counsel for defendant, and a motion made to strike "any statements made by" the prosecutrix "not in the presence of the defendant, as hearsay." The district attorney replied, "I don't think we would be allowed to give in detail all of the things she said. She complained immediately after she got in the door. * * * We have to show enough to show what was complained of." The court overruled the objection and the motion to strike. The district attorney then propounded questions to and received answers from the mother as follows:

"Q. Did or did not your daughter make complaint to you of the treatment she had received during the night previous to her return? A. Just as quick as she saw me, why she began telling me—

"Q. Just as quick as she arrived? A. Just as quick as she saw me she burst out crying and began to tell me—

"Q. I don't want you to go into details of what was said. I do want you to tell us, if you will, what your daughter said had happened to her?"

Here counsel for defendant interposed a further objection upon the ground that the testimony called for was incompetent, irrelevant, immaterial, and hearsay, and prejudicial to the defendant. The objection was overruled. The witness answered: "She said that, 'Mama, I hope I haven't disgraced you; this man has had something to do with me.'" The district attorney asked: "Did she state what the act was?" The witness answered: "Yes, sir." Here further objections were made which were overruled. Then further questions were asked and answered as follows:

"Q. You may state what your daughter said at that time? A. She said that he had had sexual intercourse with her.

"Q. Did your daughter make any statements to you as to the conditions, under what conditions the act of sexual intercourse took place? (Here further objections were made which were overruled.) A. Yes, sir.

"Q. What did she say? A. She told me he had whiskey—She told me he had whiskey, he poured whiskey down her."

The mother further testified that her daughter, when she came home, was intoxicated, and that she "smelled like a saloon."

It undoubtedly was competent to give testimony that the prosecutrix complained of an injury or outrage inflicted upon her and the nature and character of it, where and when it occurred, and that some one forcibly and against her will and consent had sexual intercourse with her, had ravished her. Generally, it is not competent to give testimony as to the name of the person or who it was that committed the outrage upon her; but, under the circumstances, the statement the prosecutrix made, that the defendant "had had sexual intercourse with her," if not competent to be given, was harmless, in view that the defendant by his testimony admitted all of the facts and circumstances as related by the prosecutrix, except the force and violence, that he was the person with the prosecutrix, and had sexual intercourse with her. There thus, on

the record, was no issue or dispute as to the identity of the person who committed whatever act was committed with or upon the prosecutrix, and no dispute as to the fact stated by the prosecutrix to her mother that the defendant "had sexual intercourse with her."

The testimony given by the mother, that the daughter said, "Mama, I have been out with the worst man in the world," may have been objectionable. But the objection made by the defendant did not reach it. The objection was to strike any and all statements made by the prosecutrix, "not in the presence of the defendant." Though it be assumed the statement referred to was improperly admitted, yet we think it not of sufficient prejudicial effect to cause a reversal of the judgment. The objection made to the question, "did your daughter make any statements to you as to the conditions, or under what conditions the act of sexual intercourse took place," we think was properly overruled. It was competent to give testimony not only that the prosecutrix complained of an act of sexual intercourse, but also that it was had with force and violence, that she was ravished. When the witness was asked what the prosecutrix stated in such respect the witness answered, "she told me that he had whiskey—she told me he had whiskey, he poured whiskey down her." Though it be assumed the answer in a sense was not responsive, yet no motion was made to strike it. Further, the fact that the defendant had whiskey was admitted by him. While he testified he and the prosecutrix voluntarily drank it, she testified he, against her will, forced it down her. Her statement, that the defendant "poured whiskey down her," may have some bearing as to the force used by the defendant in committing the act, whether the sexual intercourse was with force and without her consent; whether the injury or offense complained of by her was rape or not. But again, though it be assumed the answer made by the witness ought to have been stricken had a motion to strike been made, yet, we think the matter

harmless and certainly not of such prejudicial effect as to cause a reversal of the judgment.

The only other point presented relates to the refusal of the court to grant a change of venue on the application of the defendant. The motion was based upon the ground that the defendant could not have a fair and impartial trial in the county because of the prejudice and bias of the people of the county. The motion was supported by affidavits on behalf of the defendant. It was opposed by affidavits on behalf of the state. The material averments were in direct conflict. In such case we think the granting or refusing of the motion was within the discretion of the trial court. *State* v. *Cano,* 64 Utah 87, 228 P. 563; *State* v. *Kukis,* 65 Utah 362, 237 P. 476. We do not see wherein there was any abuse of discretion. The defendant filed seven affidavits on behalf of the motion, the states seven counter affidavits refuting the statements made by the affiants for the defendant. Upon such a conflict, it cannot be said the court abused its discretion, had it decided the question either way.

The judgment of the lower court is affirmed.

CHERRY, C. J., and HANSEN, HANSON, and FOLLAND, JJ., concur.