279 P.2d 914

**The STATE of Utah, Plaintiff and Respondent,**

**v.**

**Lester Davey WELLARD, Defendant and Appellant.**

**No. 8227.**

Supreme Court of Utah.

Feb. 16, 1955.

Sumner J. Hatch, Salt Lake City, for appellant.

E. R. Callister, Jr., Atty. Gen., for respondent.

WADE, Justice.

Defendant, Lester Davey Wellard, appeals from a jury verdict finding him guilty of issuing a fictitious check. He urges three grounds for reversal; 1) insufficiency of the evidence to sustain a finding that the check was fictitious, 2) erroneously instructing and refusal to instruct the jury, and 3) receiving inadmissible evidence.

Defendant passed the check in question at a gasoline station in Salt Lake City. It was for $12, drawn on the First Security Bank of Ogden, with the name Frank Adams written as maker. The bank refused to cash the check because it had no such account. Defendant testified that he received the check from a person who called himself Frank Adams in payment for some books which defendant sold to him upon meeting him for the first time in a cafe in Layton, Davis County, Utah, on December 30, 1953, that such person was between 28 and 30 years of age, wore a mechanical leg brace, and claimed to be a used car salesman in Layton where he resided. Upon his arrest defendant offered to go to Layton saying he thought he could get hold of the person who made the check. Some time later he was taken there but failed to locate such person. The state introduced in evidence

another check for $10 which defendant cashed at Nephi, Utah, drawn on the Cache Valley Banking Company, Logan, Utah, with the name of Vaughn Pugmire as maker which the bank also refused to cash because the signature was different from that on its signature card. There was testimony by handwriting experts that these two checks were written by defendant. Frank D. Adams, a resident of Layton for 60 years, testified that he knew all the people named Adams in that vicinity and that there was no other person by the name of Frank Adams living there at the time and that he did not write the check in question. Defendant testified that he did not receive the check from Frank D. Adams, the witness who testified.

■ Defendant's first grounds for reversal, namely that the evidence is not sufficient to sustain a finding that the check was fictitious, must be denied. For only a part of the evidence introduced at the trial on this question has been brought before the court on this appeal. So we cannot determine that question.

■ Defendant's second grounds for reversal, that the court erroneously instructed, and erroneously refused to instruct the jury cannot be sustained. He complains of the court's refusal to give his requested Instruction No. 1, which follows:

"You are further instructed that under the law there is an identity of person which is presumed from identity of name and that the burden upon the

State to dispute this presumption is rebutted by evidence beyond a reasonable doubt. Likewise you are instructed that names that have the same pronunciation so as to make applicable the rule of idem sonans make a prima-facie designation of the same person."

■ He objects to the giving of Instruction No. 6, and the following parts of Instructions No. 7:

"No. 6. In directing your attention to an element of the crime just defined, namely, that the purported maker of the fictitious check be not in existence, I would instruct that the law does not require proof that nowhere in the world existed a person having the same name as that purportedly signed to the instrument. The adequacy of the proof as to non-existence must be judged in the light of the representation, if any, concerning the maker made by the accused. If at the time of the event in question he identified the purported maker of the instrument as a person living in a certain locality, the proof of non-existence need show only that no such person bearing the name of the purported maker then lived in that locality. In the absence of such a pretended identification, the proof need only show that no such person as the purported maker of the instrument was in existence in the vicinity of the County of Davis, State of Utah, who was connected with the particular acts charged in the information."

"No. 7. Before you can find this defendant guilty of the crime with which he is charged, you must believe from the evidence and beyond a reasonable doubt and find that each and every one of the following elements exist:

\* \* \* \* \* \*

"Second, that the name of Frank Adams signed to the check which is marked Exhibit I did not purport to be the signature of any living person;"

This action was prosecuted under Section 76–26–7, U.C.A.1953, which provides as follows:

"Every person who makes, \* \* \* (or) utters \* \* \* with intention to defraud any other person \* \* \* any fictitious \* \* \* check, purporting to be the \* \* \* check \* \* \* of some \* \* \* individual when in fact there is no such \* \* \* individual in existence, knowing the \* \* \* check \* \* \* to be fictitious, is punishable by imprisonment \* \* \*."

This section requires proof that there was no such individual in existence as the Frank Adams who purportedly made the check. Defendant contends that in view of the evidence that there was a Frank Adams in Salt Lake City, and a Frank D. Adams, in Layton he was entitled to have his proposed Instruction No. 1, to the effect

that there is a presumption of identity of persons from an identity of names and that the rule of idem sonans should be applied in this case. He relies on the case of State v. Gorham,[1] in support of such claim. The problem in that case was entirely different from that presented here and therefore is not controlling. Defendant further contends that since the bank on which the check was drawn was located in Ogden and there was no showing that there was no person by the name of Frank Adams in that city or in the north part of Davis County, nearby, and since the check was cashed in Salt Lake City, Instruction No. 6 was erroneous, in limiting the territory within which the person by that name must reside or be found.

Under a statute similar to ours, the California courts have repeatedly held that a showing that there was no account in the bank on which the check was drawn in the name appended to the check constitutes prima facie evidence that the purported maker was a fictitious person.[2] They have further held that in a prosecution for issuing a fictitious check under such statute proof beyond a reasonable doubt that no person in the world exists bearing the name appended to the check is not required but that it is only necessary to prove to a common certainty that there is no such person as the one who purportedly made such check in the vicinity of the counties connected with the

1. 93 Utah 274, 72 P.2d 656.

2. People v. Eppinger, 105 Cal 36, 38 P. 538; People v. Thal, 61 Cal.App. 48, 214 P. 296; People v. Carmona, 80 Cal. App. 159, 251 P. 315; People v. Roche, 74 Cal.App. 556, 241 P. 279; People v. Menne, 4 Cal.App.2d 91, 41 P.2d 383; People v. Cohen, 113 Cal.App. 260, 298 P. 114.

act charged.[3] Here the trial court required proof beyond a reasonable doubt of the non-existence of the person who purportedly made the check so we do not have to pass on that question. We further point out that this statute does not require that there be no person in existence who bears the name appended to the check, but does require that there be no person in existence who purportedly, or is claimed to have, made such check, and furthermore, here the evidence of the existence of such person is limited to the person described by defendant.

Here there was evidence that the bank on which the check was drawn had no account with any person bearing the name which was appended to the check, and that the handwriting of the body of the check and the name appended appeared to be defendant's. Defendant testified that the witness Frank D. Adams, of Layton, was not the maker of the check. He further testified of meeting the purported maker of the check in a restaurant in Layton, Davis County, Utah, about December 30, 1953. He described the age and other details of such person, stated the conversation he had with him and testified that such person claimed to be a used car salesman in Layton, where he lived. This is the only evidence in the record of the existence of the person who purportedly made the check. If there was no such person as he described then the existence of the person who purportedly made the check is highly improbable. Certainly there is no other evidence in the record of the existence of such person. Under such conditions the court properly instructed the jury that the adequacy of the proof of non-existence must be judged in the light of defendant's representations, and that the proof need in any event only show that there was no such person as the purported maker in the vicinity of Davis County, Utah, who was connected with the acts charged in the information.

 There is no merit to defendant's third contention that the court received inadmissible evidence. Over defendant's objection the other check on the Cache Valley Banking Company, which defendant cashed but the bank refused to pay, was received for the purpose of showing defendant's intention to defraud in cashing the check as alleged in the information. In receiving it the court instructed the jury that it could only be used by them for that purpose. It is settled in this court that the state may not prove that the defendant committed other offenses merely to show his propensity for the commission of crime, because such evidence is apt to be given undue weight.[4] However, evidence of other crimes is admissible if it tends to prove that he had the necessary intention for the crime charged.[5]

---

3. People v. Gordon, 13 Cal.App. 678, 110 P. 469, at page 472; People v. Reed, 84 Cal.App. 685, 258 P. 463, 464; People v. Menne, 4 Cal.App.2d 91, 41 P.2d 383.

4. State v. Nemier, 106 Utah 307, 312, 148 P.2d 327, 329; State v. Scott, 111 Utah 9, 21 and 22, 175 P.2d 1016, 1021 to 1023; State v. Prettyman, 113 Utah 36, 46, 191 P.2d 142, 146; State v. Cooper, 114 Utah 531, 201 P.2d 764, 768; State v. Neal, Utah, 254 P.2d 1053, 1056.

5. See Note 4 above.

134

For evidence admissible for one purpose is not inadmissible because it fails to meet the requirements for admissibility for another purpose,[6] but the jury should be instructed not to use it for the inadmissible purpose.[7] This the court did in this case and contrary to defendant's argument such instruction was clear and understandable by the jury.

Judgment affirmed.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WORTHEN, JJ., concur.

6. See Note 4 above, especially State v. Neal,, supra, and my concurring opinion in Cutler Association v. DeJay Stores,. Utah, 279 P.2d 700.

7. See State v. Green, 89 Utah 437, at page 452, 57 P.2d 750; Cutler Association v. DeJay Stores, cited above.