(No. 34153.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD MAROSE, Plaintiff in Error.

*Opinion filed January 24, 1957.*

JOHN A. MCINTYRE, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, IRWIN BLOCH, CHARLES D. SNEWIND, WILLIAM S. WHITE, and FRANCIS X. RILEY, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Upon being found guilty by the trial court without a jury defendant Richard Marose was given a twenty-five year sentence as punishment for forcible rape of a fifteen-year-old girl. The defendant was eighteen years of age at the time of the incident. He now pleads error in the trial court and seeks review of the finding, judgment and sentence of the trial court on the grounds of asserted insufficiency of the evidence to sustain a conviction of the crime of rape, improper admission of evidence concerning other criminal conduct of the defendant and codefendants and bias and prejudice of the trial judge.

A detailed narrative of the occurrence is of no importance in the decision of this case. It is sufficient to state here that there is no conflict in the record concerning the fact that on November 16, 1952, the defendant and two other young men had sexual intercourse with the prosecutrix, a fifteen-year-old girl who was not his wife. The record supports the trial court's conclusion that the young girl did not voluntarily enter the stolen car driven by a

codefendant. The written confessions of the defendants and also the testimony of the defendant Richard Marose and the codefendant Norman Pierce fail to support their assertion of consent on the part of the prosecutrix. They explained her protestations and crying as being feigned yet the inconsistencies in their own statements and testimony make manifest the lack of credibility to be afforded them.

The evidence discloses the complained-of acts occurred early in the morning in an alley near some railroad tracks with garages and homes to the one side and open prairie to the other. Prosecutrix was alone with the three young men who had relations with her. It does not appear that the girl entered the car willingly. Nor does it appear that the girl voluntarily submitted to the demands of these men. The testimony of a girl friend who was waiting a short distance away prior to the prosecutrix's getting into the automobile was that she heard her scream just before the car drove away. The failure of the young girl to scream afterwards is understandable as the evidence discloses she was acquainted with the codefendant with whom she pleaded in order to avoid being ravished. The girl testified she was held by the other men while each one in turn had intercourse with her. Defendant's explanation of such conduct was that it was merely for the purpose of lending assistance and not as a means of restraint. The credibility of such an explanation is rendered valueless in light of the defendant's own testimony that the girl thereafter submitted to other sexual demands of all three men after pleading with them to refrain from sexual intercourse because of the pain and suffering.

We have closely examined the entire record in this case and it is apparent that the trial court was in a much better position to determine the credibility of the witnesses. The jury being waived, the question of the weight of the evidence was for the trial judge who heard and saw the witnesses and who was, therefore, in a much better position

to determine which witness was worthy of belief than we would be from an examination of the record. (*People* v. *Perez*, 412 Ill. 425.) In *People* v. *Hiller*, 7 Ill.2d 465, we held that this court will not substitute its judgment for that of a trial judge who heard the facts and saw the witnesses, unless it can be said that it is palpably contrary to the weight of the evidence, or is so unsatisfactory as to justify a reasonable doubt of defendant's guilt. We do not find the trial court's judgment palpably contrary to the weight of the evidence nor so unsatisfactory as to justify a reasonable doubt of this defendant's guilt. True, there are certain conflicts in the evidence. However, we also stated in the *Hiller case* that the mere fact that the evidence is conflicting will not justify a reversal.

The facts concerning the stolen car and other sexual acts are all a part of the continuing narrative which concern the circumstances attending the entire transaction and they do not concern separate, distinct and disconnected crimes. No error was therefore committed by the trial court in this regard. See *People* v. *Hiller*, 7 Ill.2d 465; *People* v. *Ardelean*, 368 Ill. 274; and *People* v. *Pargone*, 327 Ill. 463.

We find no merit in other claims of the defendant concerning the admission or refusal of certain evidence. It is true that the lower court imposed a severe sentence on the defendant compared to the sentences received by the other defendants. However, this is within the power of the trial court and is within the scope of punishment for the crime charged as fixed by the legislature. In view of the fact that the sentence is within statutory limits and not in transgression of constitutional rights the sentence of the lower court cannot be disturbed.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*