326 P.2d 102

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Robert Henry MARTINEZ, Henry Alveriz, and Joseph Bert Matteo, Defendants and Appellants.**

No. 8796.

Supreme Court of Utah.

May 29, 1958.

E. R. Callister, Atty. Gen., Gary L. Theurer, Asst. Atty. Gen., for respondent.

HENRIOD, Justice.

Appeal from 3 rape convictions. Reversed, and remanded for a new trial.

Two of the defendants were 16. The third, and the prosecutrix were 17.

All of the defendants admitted an attempt at or the accomplishment of sexual intercourse with the prosecutrix, whom they had picked up and with whom they had spent the night, either riding around or remaining in a parked car.

Defendants urge that the court erred in 1) admitting evidence that the defendants had been inmates of the State School, 2) by inviting the jurors to question witnesses, which in turn resulted in their inordinate and unwarranted examination; by 3) inviting the jurors, even after they had retired to deliberate, to summon and quiz a witness called neither by prosecution nor defense, and by 4) admitting conversations between prosecutrix and a friend after the alleged offense was commited. Other errors assigned are deemed unnecessary to discuss.

As to 1): About 3 pages of the record are devoted to the questioning of one of the defendants as to his having been an

L. G. Bingham, R. R. Hackett, Ogden, for appellants.

inmate of the State School,[1] how long he had been an inmate there, when he was released, if he had been in the school at the same time as the other defendants, and as to the closeness of his relationship with them. The questions were pointed, pressing and repeated, over objection. We are convinced that such line of questioning could have accomplished nothing save an instillation in the veniremen's minds that here was a worthless lot, and that such questions and answers had no probative value in the establishment of the offense charged here. It was a line akin to that which would attempt to prove previous offenses having no connection or probative value in the establishment of the commission of a later offense,—a procedure which this court has refused to sanction.[2]

 As to 2) and 3): It appears that time and again the trial court invited and encouraged the jurors to ask the witnesses questions, even inviting them, after retiring to deliberate, to question a witness who had not been called by either prosecution or defense, resulting in an indiscriminate posing of more than 50 questions to such witnesses by various jurors. Under such circumstances, involving such protracted questioning by laymen, where counsel dare not object lest they invoke the displeasure of the inquisitorial jurors, we believe and hold that not only prejudice was engendered but that the trial court exceeded the bounds of discretion which circumscribe him in such cases.

We have approved the principle that, within sound discretion, the trial court might permit jurors to ask an unsolicited question,[3] but at the same time we sounded a warning against any excesses in the application of such principle, and indicated it should be permitted only as a rarity, when we said, through Mr. Justice Wade that:

"By so holding, *this court does not wish it to be understood that it approves the practice of a trial court inviting jurors to ask questions.* This privilege. should only be granted when in the sound discretion of the court it appears that it will aid a juror in understanding some material issue involved in the case and *ordinarily when some juror has indicated that he wishes such a point clarified.*" (Our emphasis.)

In a concurring but not controlling opinion, Justices Larson and Turner would have narrowed the juror's privilege even further when, through Mr. Justice Larson, they said:

1. This case was tried in Ogden City, Weber County, where the State School is located. It is reasonable to assume that the jurors knew the State School was what is commonly known as the Industrial or Reform School where incorrigible or criminal minors are detained.

2. State v. Wellard, 1955, 3 Utah 2d 129, 279 P.2d 914.
3. State v. Anderson, 1945, 108 Utah 130, 158 P.2d 127, 128, 159 A.L.R. 340.

"I wish to emphasize that while it is proper to permit the juror to ask questions of a witness to clarify some matter in the mind of the juror, the *court should never on its own motion* invite the jury to question witnesses, and should at all times guard carefully the rights of the parties in permitting the witness to answer questions asked by a juror."

 As to 4): We believe the conversation of the prosecutrix with a friend within hours after she had arrived home, as related by such friend, was so lacking in details that its admission did not violate the rule heretofore enunciated by this court to the effect that where a woman allegedly has been unlawfully violated sexually, any statement made by her within a reasonably short time thereafter, is admissible if, without recitation of the details, it refers to the commission of the offense, such statement being a spontaneous utterance whose very spontaneity together with a characteristic, natural feminine inclination to express an outraged feeling under such circumstances, guarantees its trustworthiness.[4]

McDONOUGH, C. J., and WADE, J., concur.

WORTHEN, Justice (concurring).

I agree with Mr. Justice HENRIOD that the judgment must be reversed. I however am of the opinion that it is absolutely improper to permit the jurors to ask questions of the witnesses.

The error committed in this case should have been anticipated by the language of this court in the case of State v. Anderson[1] referred to by Mr. Justice HENRIOD. In that case the court, during the course of the trial, asked the *jury if it would like to ask some questions* of a witness. Two members of the jury accepted this invitation. Appellants assigned the invitation by the court to the jurors to ask questions as error. In that case this court said:

"Whether a juror will be permitted to ask questions of a witness *is within the discretion of the trial court.* * * * The fact that the trial court granted the jurors permission to ask questions of witnesses *without any special request from them for this privilege does not, in our opinion, in and* of itself constitute error. The determining factors as to whether error has been committed *is the type of questions asked and allowed to be answered.* If the questions asked are not germane to the issues involved or are such as *would be clearly improper and therefore prejudicial* to the rights of the defendants to a fair and impartial trial, *the court's allowing them to*

4. State v. Christensen, 1929, 73 Utah 575, 276 P. 163.

1. 108 Utah 130, 158 P.2d 127, 159 A.L.R. 340.

*be answered would be error."* (Emphasis added.)

In my opinion no juror should ever be allowed to ask questions of the witnesses. If a juror indicates that he has a question the court should invite the juror to disclose to the court the question and the court, if the question suggested is *not germane to the issues involved* or is such as would *be clearly improper and therefore prejudicial to the rights of the defendants to a fair and impartial trial* should not permit the question to be propounded. If the question is germane to the issues, and would not be prejudicial to the rights of the defendants to a fair and impartial trial, the judge in turn should ask the question himself.

Assume that a juror requests the privilege of asking a question and the court, without first making sure that the same would be germane and proper, turns the juror loose to ask such questions as he chooses—the very asking of an improper, immaterial and prejudicial question will have caused too much mischief. Whereas if the court first satisfies himself that the question or questions are proper and then asks them the harm may be avoided.

Even if this court continues to adhere to the proposition that a juror may ask questions such privilege should be limited to the asking of questions first approved by the trial court.

CROCKETT, J., concurs in the views expressed by Mr. Justice WORTHEN.