(No. 38218.—

The People of the State of Illinois, Defendant in Error, *vs.* Lydell Walls, Plaintiff in Error.

*Opinion filed November 19, 1965.*

RICHARD J. MYERS, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and WILLIAM A. BOMP, Assistant Attorneys General, and ELMER C. KISSANE and GEORGE SAMELS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, Lydell Walls, was found guilty of rape by a jury in the circuit court of Cook County and sentenced

to the penitentiary for a term of 15 to 20 years. On this appeal he contends that there was error in admitting testimony of an auto theft subsequent to the alleged rape, that even if this evidence was properly admitted there was a failure to give proper instructions as to such testimony, that defendant was required to testify as to the alleged auto theft in violation of his constitutional privilege against self-incrimination, and that he was not proved guilty beyond a reasonable doubt.

The prosecuting witness testified that at about 2:30 A.M. on July 26, 1961, she left her home and started walking toward the home of her mother-in-law in Chicago. While enroute, she was accosted by three men, one of whom was defendant. Defendant had a gun and one of the other men had a screwdriver which he pressed against her head. Prosecutrix screamed for help when she saw three passersby, but they did not heed her cry. She was then pushed into an alley where defendant pulled her clothes apart, forced her to lie down, and engaged in an act of sexual intercourse with her against her will while the other two men knelt beside her threatening her with the gun and screwdriver. The other two men also had intercourse with her against her will, during which time she screamed and struggled.

The prosecutrix testified that the defendant and his companions then forced her to accompany them into a two-door automobile in which they drove for about a half hour. During this time, the defendant threatened her with a gun. She was then thrown out of the car near her mother-in-law's home and was able to observe that the license number of the car was "JU 7185". She then went immediately to the home of her mother-in-law.

The mother-in-law of the prosecuting witness testified that prosecutrix arrived in tears at her house at about 4:25 A.M. on July 26, 1961, and that her hair was disarranged, her clothing soiled, and buttons were missing from her clothing. The police were called immediately. One of the in-

vestigating officers accompanied prosecutrix to the place where she described the criminal acts as having occurred and discovered a button which appeared to match one of the buttons missing from her skirt.

Defendant testified that he and his companions met the prosecutrix on the street, and that she offered to have sexual relations with them in exchange for car fare to go home. He testified that they then went into the alley where she disrobed and voluntarily had intercourse with each of them. He denied that any of them had a gun or a screwdriver and further stated that prosecutrix did not scream or resist in any manner. He further testified that they tried to get her a cab, but were unable to do so, and then "got a car" and drove her to her mother-in-law's home where they waited for her to enter the house. He also testified that the car did not belong to him or either of his co-defendants.

Thomas Holmes testified that he was a mechanic and had been employed by Dorothy Bracey to do repair work on her 1956 two-door black and white Ford automobile. He testified that the license number contained a prefix "JU" and that the car was parked in front of his home at approximately 1:00 A.M. on July 26. When he later looked for it, it was missing, but he eventually found it with one of defendant's companions in it. He called the police who came and arrested co-defendant James in the car. James was identified as one of the men who had participated with defendant in the alleged rape.

Turning to defendant's first contention, we do not agree that the evidence concerning the car and its ownership was so irrelevant to the State's case as to render its admission reversible error. Rather, we think that it could be considered a part of the "continuing narrative which concern[s] the circumstances attending the entire transaction". (*People* v. *Marose*, 10 Ill.2d 340, 343.) All the testimony which defendant objects to was introduced as a part of the State's case in chief, at which time the State's Attorney was

presumably unaware of what defense the defendant planned to use. Ownership of the car and who it was driven by on the night of the alleged rape were of course relevant issues in the case. Furthermore, the testimony as to the stolen car tended not only to identify defendant as one of the perpetrators of the alleged rape but also served to corroborate the testimony of the prosecuting witness as to what occurred on that evening. We conclude, therefore, that the admission of such testimony was proper under the circumstances in this case. *People* v. *Marose,* 10 Ill.2d 340.

Defendant's second contention is that the court erred in failing to instruct the jury as to the testimony of witness Thomas Holmes concerning the car. Defendant's instruction No. 15 instructed the jury that the defendant was charged with the crime of rape and could be convicted of no other offense no matter how strong the evidence might point towards unbecoming conduct on his part. Defendant did not request the giving of any other instruction concerning the evidence of the stolen car, and he cannot therefore be heard to complain as to the lack of any such instruction. *People* v. *Botulinski,* 392 Ill. 212, 223.

Defendant next argues that requiring him to testify as to the alleged auto theft deprived him of his constitutional privilege against self-incrimination. The defendant took the stand voluntarily and on cross-examination was asked several questions as to how the car was obtained. An examination of the record reveals that defendant never raised his privilege against self-incrimination, nor objected to many of the questions which were asked of him concerning the car. On the record before us, it cannot be said that defendant's right against self-incrimination was violated.

Finally, a review of the record fails to support defendant's contention that the crime of rape was not proved beyond a reasonable doubt. Prosecutrix's testimony was corroborated by the testimony of her mother-in-law, her prompt complaint to the police, her disheveled appearance,

the condition of her clothing, and the button found at the scene of the crime. If believed, her testimony was sufficient to support the judgment of conviction.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*