THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROLAND DOW, Appellant.

Third Department, May 21, 1970.

*Louis J. Casella, Broome County Public Defender (John E. Murray of counsel), for appellant.*

*Stephen Smyk, District Attorney, for respondent.*

AULISI, J. This is an appeal from a judgment of the County Court of Broome County, rendered March 30, 1967, upon a jury verdict convicting defendant of the crimes of rape in the first degree, assault in the second degree and burglary in the second degree.

The victim of the crimes was a 28-year-old housewife and mother of an eight-month infant. At approximately 11:00 A.M. on a weekday morning, she heard a knock on her back door and answering it, she saw the defendant who was seeking

directions. Defendant received the information he requested from complainant during which time she observed that he was light complexioned, had a large facial scar and wore a black cowboy hat. He then drove away in a green pickup truck. At 1:30 P.M., the same afternoon, she again heard a knock at the back door. When she went to the back of the house to open it, she was grabbed from behind, the defendant apparently being already in the house. After initially demanding money, defendant dragged the complainant to a bedroom where she was raped. He then bound her wrists and ankles with her husband's neckties and made his escape. Complainant was able to untie herself, and since the telephone cord had been cut, she hastened to a neighbor's house where the police were notified.

Defendant's first and second points on the present appeal are concerned with allegedly improper pretrial identifications of defendant by complainant. Within a half hour after the crimes were committed, defendant was returned to the house of the complainant where she identified him as her assailant. Later in the day, complainant again identified defendant at the Sheriff's office. It is argued that these procedures violated defendant's constitutional rights and necessitated a court determination of whether or not the complainant's in-court identification was affected by the prior allegedly illegal identifications.

It is conceded that the rules set forth in *United States* v. *Wade* (388 U. S. 218) and *Gilbert* v. *California* (388 U. S. 263) requiring the presence of defendant's counsel at any out-of-court confrontation of defendant with witnesses, are inapplicable in the present case because *Stovall* v. *Denno* (388 U. S. 293) has held these rules to be prospective only and these identifications occurred before *Wade* and *Gilbert*. The only issue, therefore, is whether the pretrial identification procedures were so unfair as to amount to a denial of due process (see *People* v. *Logan,* 25 N Y 2d 184; *People* v. *Ballott,* 20 N Y 2d 600, 606); that is, whether or not the confrontations were so unnecessarily suggestive and conducive to irreparable mistaken identification that defendant was deprived of due process of law (see *Stovall* v. *Denno, supra,* pp. 301, 302). As the court in *Stovall* went on to say, a claimed violation of due process in the conduct of a confrontation depends on the totality of the circumstances surrounding it.

Defendant relies heavily on *People* v. *Ballott (supra)*. In that case, the court condemned a pretrial identification held one year after the commission of a robbery where the witness had

seen the robber only briefly during the commission of the crime. Moreover, that witness was able to identify the defendant only after he had, at her request, put on a hat and coat—similar to those worn by the robber—and uttered words somewhat like those spoken during the robbery. The court in *Ballott* was thus not able to say that the in-court identification was not predicated, at least in part, upon the earlier suggestive show-up at the police station a year after the crime had been committed.

The present case is clearly distinguishable from *Ballott*. The victim identified the defendant shortly after the commission of the crime and the record clearly establishes that the victim had ample opportunity to closely observe the defendant both before and during the commission of the crimes enabling her to identify defendant on the basis of his physical characteristics (*People* v. *Weis*, 32 A D 2d 856, 857, cert. den. 397 U. S. 1047). Furthermore, at the time of the first identification, defendant was wearing clothes, apparently stolen from complainant's bedroom, which complainant was able to positively identify as belonging to her husband.

Under the " totality of circumstances " the pretrial identifications were not so " unfair " as to violate due process of law (*People* v. *Logan*, 25 N Y 2d 184, 193, *supra*). Moreover, it is obvious that the in-court identification was not based on or tainted by the circumstances of the earlier identifications (see *People* v. *Rivera*, 22 N Y 2d 453, 455, cert. den. 395 U. S. 964; *People* v. *Brown*, 20 N Y 2d 238, 244, cert. den. 390 U. S. 928). The in-court identification, therefore, was not rendered inadmissible or subject to preliminary inquiry (*People* v. *Logan, supra*, p. 193; *People* v. *Weis, supra*).

Defendant also argues that prejudicial publicity deprived him of a fair trial. Defense counsel moved for a mistrial during the course of jury selection for the purpose of requesting a change of venue from this court, which motion was renewed after the jury was selected. The basis of the motion was that the news media had made it known during the course of jury selection that defendant was an escapee from jail. The motion was denied but defense counsel was allowed to examine the prospective jurors as fully as he desired to determine if they had heard or read anything of an inadmissible nature and when deemed necessary, he examined the prospective jurors individually in chambers and out of the presence of the panel. Those admitting to having been exposed to news accounts about the defendant's past were excused for cause (cf. *Stroble* v. *California*, 343 U. S. 181, 194). Furthermore, defendant's counsel did not use all the peremptory challenges to which

the defense was entitled and stated he was satisfied with the panel. It has been held that where defense counsel found it unnecessary to use all peremptory challenges available and declared himself satisfied with each of the jurors selected, a defendant will not be heard to complain of the denial of a motion for a change of venue (*People* v. *DiPiazza*, 24 N Y 2d 342, 348). Under these circumstances, it cannot be said that the unfavorable publicity deprived defendant of a fair trial.

Defendant further contends that there was insufficient evidence of corroboration of rape. Under section 2013 of the former Penal Law, no conviction could be had for rape upon the testimony of the female defiled unsupported by other evidence. The " other evidence " required by the statute must be of such character as tends to establish, first, that the crime of rape was committed by somebody, and second, the defendant was the one who committed the crime; and whether consisting of facts or admissions must extend to every material fact essential to constitute the crime (*People* v. *Croes*, 285 N. Y. 279, 281–282 and cases cited therein). There is no question that the second requirement was satisfied in the present case and defendant's only argument is that there was insufficient evidence of corroboration of the element of force.

We find there was sufficient corroboration as to this element of the crime. In passing on this question it should be noted that the corroborating evidence may be circumstantial only (*People* v. *De Nigris*, 157 App. Div. 798). It need not be positive and direct and is sufficient if it affords proof of circumstances legitimately tending to show the existence of the material facts (*People* v. *Elston*, 186 App. Div. 224). The testimony of the physician who examined complainant right after the rape and found sperm in her vagina was proof of recent sexual intercourse. Although true that the corroboration of the fact of intercourse is not corroborative of the fact of *forcible* intercourse (see *People* v. *Doyle*, 158 App. Div. 37, 41), the physician also observed that " she had reddened areas on her wrists and ankles, and these were compatible with what she told me, that she was tied in these areas by the person " (cf. *People* v. *Deitsch*, 237 N. Y. 300, 302). Also corroborative of forcible intercourse were the victim's prompt complaint to her neighbor; the neighbor's testimony that when complainant appeared at her door, she was very nervous, her face was all flushed, and there were red marks on the side of her face; and that complainant's telephone wire had been severed. Finally, on the question of whether the intercourse was forcible or by consent, the jury is free to consider the surrounding circum-

stances (*People* v. *Yannucci*, 283 N. Y. 546, 549). The facts indicate that complainant was a married woman at home alone with her eight-month-old baby; that she did not previously know the defendant nor had she ever seen him before the day of the crime. These circumstances tend to negate any inference of intercourse by consent and when taken in the context of the entire record form sufficient corroboration of the element of force.

We have considered the other points raised by defendant and find them to be without merit.

The judgment should be affirmed.

HERLIHY, P. J., STALEY, JR., COOKE and SWEENEY, JJ., concur.

Judgment affirmed.