544 P.2d 714

**The STATE of Arizona, Appellee,**

v.

**Terrance TAYLOR, Appellant.**

**No. I CA–CR 1059.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 20, 1976.

**498**

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Georgia C. Butcher, Asst. Attys. Gen., Phoenix, for appellee.

Cohen, Gerst, Groseclose & Meissner, by Stephen A. Gerst, Phoenix, for appellant.

## OPINION

OGG, Judge.

The defendant/appellant Terrance Taylor was convicted of the crime of burglary, second degree, and was sentenced to serve 1 to 3 years in Arizona State Prison. The defendant now appeals from this judgment and sentence, alleging the trial court should have instructed the jury that an entry into a dwelling with the intent to take marijuana and illegal drugs was not sufficient to support the charge of burglary.

The evidence clearly indicates that the defendant made an unauthorized entry into a private home by throwing a rock through

a glass arcadia door. Officers investigating the scene found the defendant inside the house, hiding in a bedroom closet. The defendant claims he entered the house with intent to take some illegal drugs and marijuana that he had learned the owner kept hidden in the bedroom closet. Defendant claims that he cannot be guilty of entering the house to commit theft since the subject of the theft must have some legally recognized value. Defendant reasons that the taking of illegal contraband cannot be theft.

We find no merit in defendant's position. The essence of the crime of burglary is not *value,* but rather entry into a specific structure with the intent to commit a theft or any felony therein. § 13–302A., ARS. The crime is complete when entrance is gained with the requisite criminal intent. This intent to commit theft or any felony can be shown by circumstantial evidence. *State v. Loggins,* 13 Ariz.App. 577, 479 P. 2d 724 (1971); *State v. Lenahan,* 12 Ariz. App. 446, 471 P.2d 748 (1970). An inference of the intent necessary for conviction of burglary may be drawn when unauthorized entry into the premises is gained by force. *State v. Dusch,* 17 Ariz.App. 286, 497 P.2d 402 (1972); *State v. Rood,* 11 Ariz.App. 102, 462 P.2d 399 (1969).

Construing the evidence in a light most favorable to upholding the jury verdict we find there is ample evidence that the defendant entered the residence with intent to commit a theft or some felony therein.

In this case we deem it immaterial the contraband nature of the property the defendant intended to steal at the time he broke the arcadia door and made his unauthorized entry into the residence. We would make a mockery of the criminal justice system if we adopted a rule that would allow a defendant to escape prosecution for burglary by simply alleging he broke into a residence with intent to steal some illegal contraband he believed located therein.

The defendant next contends that the trial court erred in telling the jurors they could not ask questions. This issue arises from the instruction given by the judge when he was giving general preliminary instructions to the jury prior to the opening arguments in the case. Among other general instructions, the judge told the jury:

> In the course of the examination of witnesses, it is not unreasonable to expect you may wonder why a certain question has not been asked by the attorneys. Please refrain from asking questions of the witnesses. It may very well be that your question has not been asked by counsel because it is prohibited under our laws of evidence. I believe you can readily see what an embarrassing situation you would create for counsel who have to rise and object to a question asked by a juror. Good courtroom decorum requires you refrain from asking questions.

The defendant claims this instruction had the effect of denying the defendant his constitutional right to a trial by a fair and impartial jury. Arizona Constitution, Article 2, Section 24. We were not cited to any cases nor have we found any cases which would call for a reversal because such an instruction was given to a jury. The sound rule appears to be that the questioning of witnesses by jurors is left to the discretion of the trial court and that the appellate courts will not reverse unless there is a clear abuse of that discretion. *People v. Heard,* 388 Mich. 182, 200 N.W. 2d 73 (1972); *State v. Martinez,* 7 Utah 2d 387, 326 P.2d 102 (1958).

· The practice of controlling direct questions by jurors to witnesses is to be encouraged because experience teaches that it is inherently dangerous to allow the unrestrained questioning of witnesses by jurors. Many trials have been disrupted, mistrials have developed and actual reversals have resulted from prejudicial questioning of

witnesses by members of the jury. *Krause v. State,* 75 Okla.Cr. 381, 132 P.2d 179 (1942); *State v. Martinez,* supra.

We are also mindful that a well informed juror serves the cause of justice. In some cases it is important to clarify a problem in a juror's mind. It may sometimes be necessary for a juror to call an important matter to the attention of court and counsel. We therefore think it is important for the trial judge to control direct questions to the witnesses by members of the jury, but we also believe jurors should be afforded the opportunity to direct any questions or problems they may have to the court.

There is no one approved method for handling this practical problem of trial practice. One successful method has been to instruct the jurors in a manner similar to the instruction given in this case. The better practice also dictates that in addition to such an instruction the jury is further instructed that in the event they have any important questions or matters they want brought to the court's attention they should advise the bailiff or the judge during a recess in the trial. Many experienced trial judges direct that such questions be submitted in writing. If such a question is received by the court, it is sound practice to immediately notify counsel so a discussion can be conducted outside the presence of the jurors. In this manner a proper record can be made and the trial judge, with the assistance of counsel, can determine the proper method in dealing with the specific questions or problem raised by the juror.

Under the facts of this case we find no prejudice to the defendant in the contested instruction and further find no abuse of discretion by the trial court in giving the instruction.

The judgment and sentence are affirmed.

FROEB and DONOFRIO, JJ., concurring.