**The STATE of Utah, Plaintiff and Respondent,**

v.

**Mark V. STETTINA, Defendant and Appellant.**

No. 16898.

Supreme Court of Utah.

July 31, 1981.

---

15. *State v. Christean*, Utah, 533 P.2d 872 (1975).

Ginger L. Fletcher, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Craig L. Barlow, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Defendant was charged and convicted of rape, a felony of the second degree, in violation of § 76–5–402, Utah Code Ann. (1953), as amended. On appeal from the conviction, defendant contends that the evidence as a matter of law was insufficient to support a conviction for rape.

There is no disagreement that shortly before the incident the prosecutrix and the defendant met in a tavern and stepped outside together. They decided to smoke marijuana and proceeded across the street to a sloped, grassy area where they would be out of view. It is not disputed that sexual intercourse between the two occurred. To support his contention that there was consent, defendant points out that there was no evidence of screams or physical resistance, and in particular, no evidence of bruises, lacerations, or other physical injury. Furthermore, defendant claims that the prosecutrix's verbal refusals were accompanied with laughter and that the prosecutrix permitted him to kiss her afterwards and to hold her hand while returning to the tavern. She also agreed to talk with him later.

The prosecutrix testified that she behaved in this manner because defendant threatened to kill her (which he denies) and consequently was scared, anxious not to show that she was scared, and afraid that if she was not agreeable she would suffer greater injury and would not be returned safely to the tavern.

Defendant contends that the testimony of the prosecutrix was so inherently improbable that it was unworthy of belief and that evidence of corroboration was required. In particular, defendant asserts that the prosecutrix's claim of lack of consent is supported only by her own assertion to that effect.

The evidence should be evaluated in a manner consistent with the verdict, *State v. Jones*, Utah, 554 P.2d 1321 (1976);

*State v. Howard,* Utah, 544 P.2d 466 (1975). Nevertheless, the evidence in a rape case must be carefully scrutinized to avoid unmerited conviction, *Tibbs v. State,* Fla., 337 So.2d 788 (1976), and must not be so inherently improbable or incredible as to be unworthy of belief. *State v. Studham,* Utah, 572 P.2d 700 (1977); *State v. Mills,* 122 Utah 306, 249 P.2d 211 (1952).

■ The prosecutrix's testimony in this case was not inherently improbable. Compare *State v. Herzog,* Utah, 610 P.2d 1281 (1980); *State v. Horne,* 12 Utah 2d 162, 364 P.2d 109 (1961).

■ Nor is her testimony uncorroborated.[1] Corroborating evidence need not establish each and every material element of the charge of rape but is sufficient when it permits the jury to conclude beyond a reasonable doubt that the victim's account of the crime was not a fabrication. *U. S. v. Gray,* 155 U.S.App.D.C. 275, 477 F.2d 444 (1973). Corroboration in a rape case may consist of circumstantial rather than direct evidence. It is sufficient if it affords proof of circumstances which legitimately tend to show the existence of the material facts. *People v. Dow,* 310 N.Y.S.2d 558, 34 A.D.2d 224, *aff'd,* 28 N.Y.2d 860, 322 N.Y.S.2d 253, 271 N.E.2d 230 (1971). Evidence of a prompt complaint while one would still be under the emotional stress occasioned by the incident is admissible, *State v. Martinez,* 7 Utah 2d 387, 326 P.2d 102 (1958); *State v. Christensen,* 73 Utah 575, 276 P. 163 (1929), and constitutes corroborating evidence; *State v. Navarro,* 90 Ariz. 185, 367 P.2d 227 (1961); *People v. Walls,* 33 Ill.2d 394, 211 N.E.2d 699 (1965); *Government of Virgin Islands v. Carr,* 451 F.2d 652 (3rd Cir. 1971). So is testimony concerning the victim's condition immediately after the incident. *Pierce v. State,* 230 Ga. 766, 199 S.E.2d 235 (1973); *People v. Walls,* 33 Ill.2d 394, 211 N.E.2d 699 (1965).

■ The prosecutrix's claim in the instant case that the act occurred without her consent is supported by circumstantial evidence. The doorman on duty the night of the incident testified that the prosecutrix reported the story to him, and he directed her to the office in the tavern. The doorman testified that the victim was crying and very upset during the time he was with her. The call to the police and the arrival of a policeman occurred within one hour of the incident and while the prosecutrix was still at the tavern. A waiter at the tavern also observed the victim in the tavern office and stated that she was crying and in a very upset condition. The policeman who responded to the call testified that the victim was so distraught that he was unable to question her properly. He summoned a female police officer to aid in questioning and transporting her to a hospital. The female police officer described the victim as being very disturbed and described the victim as crying and shaking quite badly while en route to the hospital and during the hour at the hospital.

■ Defendant also asserts that the evidence was insufficient to prove lack of consent beyond a reasonable doubt. In support of that argument, he contends there was no evidence of reasonable resistance or of immediate threats designed to prevent resistance. He further points out that the victim did not scream for help and suffered no injuries or bruises evidencing the assertion of force.

■ However, the absence of outcries or serious wounds or injuries does not make a conviction unsupportable. *State v. Herzog,* Utah, 610 P.2d 1281 (1980); *State v. Studham, supra.* Nor is it necessary to resist with vigor if a reasonable person under similar circumstances would have feared that failure to comply with defendant's demand would have resulted in greater bodily harm or death.

■ The victim in this case testified that defendant had placed his hands over

1. This Court has previously stated in dictum that uncorroborated testimony of a prosecutrix may be sufficient to sustain a conviction in a rape case. See *State v. Studham,* Utah, 572 P.2d 700 (1977); *State v. Ward,* 10 Utah 2d 34, 347 P.2d 865 (1959). We express no view on that proposition.

her nose and mouth, making it difficult to breathe and had asked her, "Do you want me to kill you?" Although no weapon was presented, the defendant's words and conduct could reasonably place the victim in apprehension of bodily harm. Acquiescence induced by fear or reasonable apprehension of bodily harm or death does not constitute consent. *State v. Studham, supra; State v. Reddish*, Utah, 550 P.2d 728 (1976).

In sum, there was sufficient evidence to support the jury's verdict.

Affirmed.

HOWE and OAKS, JJ., concur.

HALL, C. J., concurs in the result.

MAUGHAN, J., heard the arguments but died before the opinion was filed.