COMMONWEALTH *vs.* LARRY MIMS. November 16, 1981. The defendant appeals from convictions on indictments charging him with armed robbery, G. L. c. 265, § 17, and unlawful possession of a firearm in an

automobile, G. L. c. 269, § 10(*a*), as amended through St. 1975, c. ·113, § 2.

1. There is no necessity for us either to approve or disapprove the practice of allowing jurors to submit questions to the judge to be put to a witness, as the question here in issue was so insignificant and lacking in substance as to be innocuous. But see *People* v. *Heard*, 388 Mich. 182, 186-188 (1972); *State* v. *Taylor*, 25 Ariz. App. 497, 499-500 (1976); *Cheeks* v. *State*, 266 Ind. 190, 195-196 (1977). Compare *State* v. *Anderson*, 108 Utah 130, 133-134 (1945); *State* v. *Sheppard*, 100 Ohio App. 345, 390 (1955); *Stinson* v. *State*, 151 Ga. App. 533, 536-537 (1979).

2. The defendant made no objection when the judge asked a defense witness an unexceptional and neutral question. See *Commonwealth* v. *Festa*, 369 Mass. 419, 423 (1976). Neither the question nor the response gives rise to a substantial risk of a miscarriage of justice, *Commonwealth* v. *Freeman*, 352 Mass. 556, 561-564 (1967), especially in view of the fact that, in his final instructions, the judge specifically told the jury that they were to attach no special significance to any questions he may have asked the witnesses.

3. The judge's findings of fact made on the defendant's motion to suppress are supported by the evidence, binding on us, *Commonwealth* v. *Moon*, 380 Mass. 751, 755-756 (1980), and dispositive of the defendant's claim that the officer acted without probable cause.

4. Under cross-examination by defense counsel, a witness to the events in controversy who had previously been employed as a juvenile officer was thrice asked whether he and the defendant had "work[ed] in the same field," and the witness, having twice answered negatively, ultimately replied, "As far as I know, Mr. Mims was an inmate." The defendant argues that this attribution of earlier criminality was so serious as to require a mistrial, but we do not agree. The answer was not entirely unresponsive, nor was it solicited by the Commonwealth. Defense counsel did not request an immediate instruction as an alternative to his motion; rather, at the side bar his remarks were primarily concerned with the correctness of records of the defendant's prior criminality. Defense counsel made no objection to the excusing of the jury for the weekend so that further investigation of the defendant's records could be made. When the jury returned on Monday, the judge denied the motion and forcefully instructed the jury to disregard the statement and not "to consider it in any way during your deliberations." While this instruction did not immediately follow the unfortunate response, we do not assume it was thereby without effect or that the trial had been "corrupted." *Commonwealth* v. *Richards*, 363 Mass. 299, 309 (1973). In view of the evidence presented and the circumstances surrounding the statement in dispute, we think that "it is highly probable the jury would have voted the same way" if the statement had not been made. *Id.*, at 309-310.

5.  The defendant's remaining contentions concerning the sufficiency of the evidence against him are without merit.

*Judgments affirmed.*

*Michael R. Pizziferri* for the defendant.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.